UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DONALD McMILLAN,

    Plaintiff,

vs.                                            Case No. 3:08-cv-609-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of Social
Security,

    Defendant.
_____


**OPINION AND ORDER**[2]

**I.  Status**

    Donald Avritt McMillan is appealing the Social Security Administration's denial of his claims for Disability Insurance Benefits and Supplemental Security Income.  His alleged inability to work is related to hepatitis, a kidney cyst, liver problems, and an autoimmune disease.  *See* Transcript of Administrative Proceedings (Tr.) at 136.  Mr. McMillan was ultimately found not disabled by Administrative Law Judge (ALJ) Stephen C. Calvarese on January 25, 2008.  *Id.* at 13, 20-21.  Claimant has exhausted the

---

[1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #9).

[2]    Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically.  It is not otherwise intended for publication or to serve as precedent.

available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues the ALJ "failed to properly assess [his] credibility[.]" Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #12; Memorandum) at 1, 7 (emphasis omitted). Additionally, it is contended the judge "erred by providing considerable weight to the medical opinion evidence from a non-examining medical consultant[,]" *id.* at 1, 13 (emphasis and internal quotation marks omitted), and by not "re-contact[ing] the consultative examining physician for clarification of her opinion regarding Mr. McMillan's functional limitations." *Id.* at 1, 15 (emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Credibility**

It is claimed that, "[w]hile recognizing the appropriate legal standards that he must follow in evaluating a claimant's testimony of pain and other symptoms . . ., the ALJ erred by failing to articulate explicit and adequate reasons for finding Mr. McMillan's testimony of disabling limitations not entirely credible." Memorandum at 7 (internal quotation marks omitted).

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

After providing a summary of Plaintiff's testimony, the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and

limiting effects of these symptoms are not entirely credible." Tr. at 19. The judge's entire ensuing analysis is as follows.

> Although greater weight has been given the reports and opinions of Drs. DeStephano, Pilcher, Coll and Harper-Nimock, consideration and some weight has also been given the reports of other treating, examining and non-examining medical sources.
>
> Considerable weight is also given the state agency medical consultant's [residual functional capacity (RFC)] report because the consultant is an experienced physician who carefully reviewed the claimant's medical record and his report is consistent with the medical evidence of record.
>
> In summary, the evidence establishes that the claimant has severe impairments, including HIV, hepatitis C, antral g[]astritis, and neck, back and right shoulder pain. Dr. Harper-Nimock considered these impairments, but did not conclude that he was disabled. Instead, she opined that the claimant had marked limitations for prolonged sitting, standing, walking, climbing, or heavy lifting. Subsequently, a state medical consultant carefully reviewed the claimant's medical record and concluded, "...Decreased ROM of the right shoulder and elbow. Full ROM of the right forearm and wrist. Full ROM of the left[] shoulder, forearm and wrist. Strength five plus/5 plus in upper and lower extremities. Normal fine and gross dexterity. + Diffuse tenderness of abdomen. 20/10 lifting with occasional to frequent RUE use and avoidance of extremes seems feasible with the above...." Thus, the undersigned concludes that the evidence shows that the claimant's impairments do not preclude light exertion.

*Id.* at 20 (citations to record omitted).

Essentially, then, the ALJ 1) identified some of the doctors whose reports were purportedly given weight; 2) made a generic statement as to one evaluation's consistency with the record; 3) reacknowledged the step two finding, *see id.* at 15, that Claimant

- 5 -

has several severe impairments; 4) pointed out that a physician had opined as to marked limitations but had not concluded Mr. McMillan was disabled; and 5) quoted findings and opinions of a state medical consultant.  This clearly does not constitute a sufficient analysis of Claimant's subjective complaints.

Along with a judge's obligation to expressly articulate adequate reasons for discrediting pain testimony, *see*, *e.g.*, *Reeves v. Astrue*, 238 F. App'x 507, 514 (11th Cir. 2007) (per curiam); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam), he must consider the factors mentioned in 20 C.F.R. §§ 404.1529, 416.929.  Failure to discuss a particular item might not be fatal, but his decision must reveal compliance with the consideration requirement.  *See*, *e.g.*, *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1378-79 (N.D. Ga. 2006); *cf. Singleton v. Astrue*, No. 3:06-CV-0760 CAN, 2008 WL 425528, at *7 (N.D. Ind. Feb. 13, 2008).  The factors include 1) the claimant's daily activities; 2) "[t]he location, duration, frequency, and intensity of . . . pain or other symptoms;" 3) factors that aggravate and precipitate symptoms; 4) "[t]he type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms;" 5) "[t]reatment, other than medication, . . . received for relief of . . . pain or other symptoms;" 6) "[a]ny measures . . . used to relieve . . . pain or other symptoms (e.g.,

lying flat on [one's] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and" 7) "[o]ther factors concerning . . . functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Although acknowledging the need for consideration thereof, *see* Tr. at 18-19, the Decision does not adequately address these factors. For example, daily activities are summarized as part of the account of Claimant's testimony, *see id.* at 19, but they are not discussed or otherwise addressed. There is no direct evaluation of the frequency, intensity, and duration of symptoms. Further, measures aside from treatment used to relieve pain, *see, e.g., id.* at 409-10 (describing need to spend much time alternating positions), are not assessed. On remand, the ALJ will be asked to reevaluate Plaintiff's subjective complaints.

**B. Nonexaminer**

Claimant next argues the judge erred in affording considerable weight to the opinions of a nonexamining consultant "as (1) it is never appropriate to adopt in whole the opinion of a non-examining physician and (2) this physician did not review all of the evidence of record." Memorandum at 13.

"The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little

weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (per curiam) (alteration in original; internal quotation marks omitted). Thus, an ALJ errs when his or her opinion is "dependent *solely* on the report of [a nonexamining] consultant[.]" *Rosenburg v. Comm'r of Soc. Sec.*, No. 6:07-cv-1510-Orl-19DAB, 2008 WL 4186988, at *12 (M.D. Fla. Sept. 8, 2008). As in *Rosenburg*, here the judge did not rely exclusively on the opinions of nonexaminers. Additionally, whatever the merit of Claimant's assertion that such opinions can never be "adopt[ed] in whole[,]" Memorandum at 13, the judge gave no indication he was doing so. It is also noted the ALJ's physical RFC finding is not identical to the assessment in question. For instance, the consultant's opinion that concentrated exposure to "[f]umes, odors, dusts, gases, poor ventilation, etc." must be avoided, Tr. at 236, was not adopted by the judge. *See id.* at 18.

Nevertheless, "[c]onsiderable weight" was said to have been given to the "report [in part] because the consultant . . . carefully reviewed the claimant's medical record[.]" *Id.* at 20. Mr. McMillan observes the "opinion was offered on March 24, 2006 and after that date approximately 130 pages of medical records were introduced in[]to [his] file" bearing upon a number of conditions. Memorandum at 15 (citations to record omitted). Inasmuch as the source of the opinions at issue was not privy to the entire file as

later developed, and particularly as this case is already being remanded for reconsideration of Plaintiff's symptoms and associated limitations, the judge will be requested to again consider the consultant's assessment and afford it the weight to which it is properly entitled.

**C. Duty to Develop**

Plaintiff maintains the judge should be required to "re-contact Dr. Harper-Nimock for clarification as to her use of the term 'marked' when she addressed [his] functional limitations." *Id.* at 20.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). In evaluating whether the ALJ fulfilled his obligation, the Court recognizes that "it is always possible to do more." *Johnson v. Chater*, 969 F. Supp. 493, 508 (N.D. Ill. 1997) (internal quotation marks omitted). Thus, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (internal quotation marks omitted).

At the administrative hearing, Claimant's lawyer, referring to restrictions described in a report from the consultative examiner Dr. Lynn Harper-Nimock, *see* Tr. at 228, attempted to present a hypothetical question to the vocational expert (VE) that included "marked limitations for prolonged sitting, standing and walking[.]"

*Id.* at 418.  The VE asked what was meant by the term *marked*, *id.*, and, eventually, the attorney concluded "it's impossible to . . . put a definition on a word that's used by [a] physician."  *Id.* at 420.  To this the ALJ responded "it's impossible . . . because this person really needs to put it in there."  *Id.*  Despite this exchange, and without obtaining clarification, the judge relied on Dr. Harper-Nimock's opinion about marked limitations to support his RFC finding and determination concerning Mr. McMillan's subjective complaints.  *See id.* at 20.

It is not apparent that the RFC assessment that Plaintiff, with only normal breaks, can regularly "sit for 6 hours and stand/walk for 6 hours in an 8 hour work day," *id.* at 18 (emphasis omitted); *see also id.* at 416, is consistent with the cited opinion.  If, as is suggested by the hearing transcript quoted above, the ALJ perceived the "report [was] inadequate or incomplete," he should have recontacted the source and requested "the missing information or" a revision.  20 C.F.R. §§ 404.1519p(b), 416.919p(b).  On remand, to the extent the judge determines weight should be given to the opinion, he ought to first contact Dr. Harper-Nimock for clarification.

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING**

the Commissioner's decision and remanding with instructions to 1) reevaluate Mr. McMillan's subjective complaints; 2) review the weight, if any, to be afforded the nonexamining consultant's RFC assessment; 3) to the extent Dr. Harper-Nimock's opinion regarding standing, walking, and sitting is to be relied upon, recontact the physician for clarification thereof; and 4) conduct any other proceedings deemed proper. If benefits are ultimately awarded, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any